IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Nutramax Laboratories, Inc., and Nutramax Laboratories Veterinary Sciences, Inc.<br><br>Plaintiffs,<br><br>vs.<br><br>United Pet Group, Inc.<br><br>Defendant. | Civil Action No. 0:15-1174-MBS<br><br>**COMPLAINT**<br><br>Jury Trial Requested |

## INTRODUCTION

Plaintiffs Nutramax Laboratories, Inc. ("Nutramax Labs") and Nutramax Laboratories Veterinary Sciences, Inc. ("Nutramax," each individually a "Plaintiff" and collectively the "Plaintiffs"), as and for its Complaint against defendant, United Pet Group, Inc. (the "Defendant"), alleges upon personal knowledge as to its own acts and as to events taking place in its presence, and upon information and belief as to all other facts, as follows:

## NATURE OF THIS ACTION

1. Nutramax Labs owns all of the trademarks that form the basis for this Civil Action, and for several decades has researched, marketed, distributed, and sold high quality nutritional supplement products throughout the United States and internationally, including supplements for animals under the trademark Cosequin®.

2. Since 2014, Nutramax has licensed use of certain Nutramax Labs trademarks and has assumed the role of researching, marketing, distributing, and selling nutritional supplement products throughout the United States and internationally under the Cosequin® trademark.

3. Defendant, through its brand ProSense, also manufactures, markets, and distributes products to support animal health. The advertising campaigns and labeling for Defendant's

ProSense products are false and misleading and/or deceptively depict the performance, efficacy and material attributes of Defendant's products, by improperly comparing them with Nutramax's products.

4. As a result of Defendant's intentionally deceptive advertising and labeling, Nutramax is suffering a loss to the enormous goodwill Nutramax has created in its trademarks and is losing profits from the lost sales. Further, Defendant's false and misleading claims are causing customer confusion and irreparable harm in the marketplace. This action seeks permanent injunctive relief and damages for Defendant's unfair competition, false and misleading advertisements and unfair trade practices.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

6. This Court also has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367(a).

7. This Court has personal jurisdiction over Defendant in this district, as Defendant transacts business in South Carolina and is otherwise subject to jurisdiction in this state. Upon information and belief, Defendant sells products directly to persons residing in this judicial district via retail stores and the Internet.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c).

**PARTIES**

9. Plaintiff Nutramax Laboratories, Inc. is a corporation duly organized and existing under the laws of Maryland, with its principal office located at 2208 Lakeside Blvd., Edgewood, MD 21040.

10. Plaintiff Nutramax Laboratories Veterinary Sciences, Inc. is a corporation duly organized and existing under the laws of South Carolina, with its principal office located at 946 Quality Dr., Lancaster, SC 29720.

11. On information and belief, Defendants United Pet Group. Inc. is a corporation duly organized and existing under the laws of Delaware, with its principal office located at 7794 Five Mile Rd., Suite 190, Cincinnati, OH 45230.

**Nutramax And Its Trademark Usage**

12. Nutramax researches, markets, distributes, and sells high quality products to support health for animals. Nutramax is world-renowned for its production of high quality supplements.

13. Nutramax animal health products are sold throughout South Carolina, the United States, and the world, through a network of authorized resellers and veterinarians.

14. Since at least as early as 1992, long prior to the infringing acts alleged herein, Plaintiffs have continuously used the trademark Cosequin® in commerce in the State of South Carolina in this judicial district and throughout the United States and the world, in connection with the manufacture and sale of a wide variety of products that support animal health.

15. Nutramax Labs uses, owns, and has registered on the Principal Register of the United States Patent and Trademark Office the following mark relevant to this action (hereinafter, the "Mark"):

| Mark | Registration No. | Registration date | Class/Goods |
|---|---|---|---|
| COSEQUIN | 1791253 | September 1993 | Dietary supplements for veterinary use |

16.     Nutramax Labs' federal trademark registration was duly and legally issued, is valid and subsisting, and constitutes *prima facie* evidence of Nutramax Labs' exclusive ownership of the Mark.  The Mark is incontestable under federal trademark law.

17.     Plaintiffs have invested many millions of dollars and have expended significant time and effort in advertising, promoting and developing its trademarks, including the Mark, throughout the Unites States and the world.  As a result of such advertising and promotion, Plaintiffs have established substantial goodwill and widespread recognition in the Mark, and the Mark has become associated exclusively with Plaintiffs by both customers and potential customers, as well as the general public at large.

18.     To create and maintain such goodwill among its customers, Nutramax has taken substantial steps to ensure that products bearing its trademarks, including the Mark, are of the highest quality.  As a result, Nutramax trademarks, including the Mark, have become widely known and are recognized throughout the United States and the world as symbols of high quality products.  Customers throughout the United States and throughout the world recognize the Cosequin® name, upon which they rely for high quality products.

19.     As a result of, *inter alia*, the care and skill exercised by Nutramax in the conduct of its business, the high quality of the goods sold under Nutramax Labs' trademarks, including the Mark, and the extensive advertising, sale, and promotion by Plaintiffs of their products, the Mark has acquired secondary meaning in the United States, including in the State of South Carolina.

## FACTS GIVING RISE TO THIS ACTION

20.     Nutramax has developed and marketed a line of high quality supplements, including Cosequin®, to support animal's joint health. Cosequin® is the number one veterinarian recommended retail joint health supplement brand. Cosequin® contains FCHG49® Glucosamine Hydrochloride and TRH122® Sodium Chondroitin Sulfate, and has been studied in peer-reviewed veterinary studies.

21.     Nutramax sells its products both to retail outlets and through veterinarians. Nutramax advertises its products through television and print advertising campaigns as well as in-store collateral, product packaging and Internet advertising. As a result of this advertising, Nutramax products, including Cosequin®, have attained widespread consumer awareness and approval. Nutramax and its trademark Cosequin® have become household names and marks and Nutramax is a market leader in the animal joint health supplement market.

22.     Nutramax is an innovator, developing new and improved products each year, which has made it a market leader in the animal health supplement market. The success of Nutramax's products makes it a regular target for its competitors' product comparisons.

23.     Defendant, through its ProSense brand, markets, distributes and sells animal joint health supplements under the name ProSense Glucosamine Regular Strength. The ProSense Glucosamine Regular Strength product contains 500mg of Glucosamine Hydrochloride and 100mg of Calcium Ascorbate as its sole active ingredients.

24.     Nutramax does not sell a Cosequin® product containing only Glucosamine Hydrochloride and Calcium Ascorbate.

25. Nutramax's Cosequin® products contain additional, active ingredients (e.g., chondroitin sulfate, MSM—methylsulfonylmethane, HA—sodium hyaluronate, boswellia, and/or other ingredients) that are not found in ProSense Glucosamine Regular Strength product. As a result of the advanced formulation, Nutramax's Cosequin® products are significantly different than the ProSense Glucosamine Regular Strength product.

26. The Cosequin® and ProSense Glucosamine products often appear side by side together in retail stores.

27. Defendant's retail packaging of the ProSense Glucosamine appears as follows:



28. Defendant's use of the labels "Compare to Cosequin®" and "Better Value" are false and misleading statements about the nature, quality, and performance of the Cosequin® products.

29. In utilizing the "Compare to Cosequin®" and "Better Value" labels, Defendant makes false comparative claims on its labeling and advertising of ProSense Glucosamine Regular Strength, including that that it contains the same high quality ingredients and performance as Cosequin®.

30. Further, the labeling deceptively includes the phrase "Vitamin C Antioxidant" directly above the phrase "Compare to Cosequin®" in order to imply that both products have the same ingredients when, in fact, Cosequin® contains many additional ingredients.

31. ProSense Glucosamine's ingredients are different to those of Cosequin®. Further, ProSense Glucosamine, upon information and belief, has never been published in a peer-reviewed, controlled U.S. veterinary study in the same manner as Cosequin®.

32. Upon information and belief, Defendant has never tested or verified that ProSense Glucosamine's performance is equal to the performance of Cosequin®.

33. ProSense Glucosamine is advertised and labeled by Defendant as a comparable product of Cosequin® which suggests that its performance has been tested and verified.

34. Defendant implies that ProSense Glucosamine is the same product as Cosequin® at a lower price which is literally false.

## COUNT I
### False Advertising And Unfair Competition Under 15 U.S.C. § 1125(a)

35. Nutramax hereby realleges and incorporates by reference each and every allegation of the above paragraphs of this Complaint as if fully set forth herein.

36. The acts of Defendants alleged herein constitute the use in interstate commerce of a word, term, name, symbol, or device or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). These acts of the Defendant are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Nutramax, or as to the origin, sponsorship, or approval of Defendant's product.

37. Defendant's advertising and labeling of ProSense Glucosamine Regular Strength, as identified above, are false and misleading and likely to cause confusion in the market and among the general public.

38. Defendant's advertising and labeling of ProSense Glucosamine, as identified above, comparing ProSense Glucosamine to Cosequin® is false and misleading.

39. Defendant's advertising and labeling contain materially false and misleading statements of fact and omission regarding the nature, quality, and performance of ProSense Glucosamine, that have deceived or have the tendency to deceive a substantial number of consumers.

40. Such false statements and omissions are material to the consumer's purchasing decision and have the effect of misrepresenting the nature and characteristics of the goods and services being offered by Defendant.

41. Such false statements and omissions have the effect of misrepresenting the nature and characteristics of the goods and services being offered by Nutramax.

42. These false statements and omissions by Defendant constitute false advertising in violation of 15 U.S.C. § 1125(a).

43. As a direct and proximate result of the wrongful acts of Defendant, Plaintiff has suffered damages.

44. Upon information and belief, Defendant's acts are willful, wanton and calculated to deceive, and are undertaken in bad faith, making this an exceptional case entitling Plaintiff to recover additional damages and its reasonable attorneys' fess pursuant to 15 U.S.C. § 1117.

45. Such conduct on the part of the Defendant has caused and will continue to cause irreparable injury and harm to Plaintiff.

## COUNT II
### Unfair Competition Under South Carolina Common Law

46. Nutramax hereby realleges and incorporates by reference each and every allegation of the above paragraphs of this Complaint as if fully set forth herein.

47. By reason of the foregoing as described above, the Defendant has engaged, and continues to engage, in acts of unfair competition in violation of the common law.

48. Such conduct on the part of the Defendant has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

49. Such conduct on the part of the Defendant has caused and will continue to cause irreparable harm to Plaintiff.

## COUNT III
### Violation of SCUPTA - S.C. Code § 39-5-10, et seq.

50. Nutramax hereby realleges and incorporates by reference each and every allegation of the above paragraphs of this Complaint as if fully set forth herein.

51. The facts alleged above, with the intent to deceive and defraud the public into believing that the products are affiliated with Nutramax, contain the same ingredients, and have similar performance as Cosequin® constitute unfair and deceptive acts or practices in the

conduct of trade or commerce in violation of S.C. Code Ann. § 39-5-10 et seq. (the South Carolina Unfair Trade Practices Act).

52. Said conduct affects the public's interest and is capable of repetition.

53. Defendants' actions are a willful and knowing violation of S.C. Code Ann. § 39-5-10, with total disregard for the rights of Plaintiff and the public interest.

54. As a direct result of Defendants' unfair trade practices, Plaintiff has been injured and damaged, and is entitled to recover treble damages, costs, and attorney's fees.

WHEREFORE, the Plaintiff, Nutramax, requests that this Honorable Court:

1. Enter judgment in favor of the Plaintiff, Nutramax, against the Defendant on all Counts and account for and pay over to Plaintiff all of Defendants' profits derived from its unlawful conduct, to the full extent provided for by Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a);

2. Enter a preliminary and permanent injunction restraining and enjoining Defendant and its agents, divisions, subsidiaries, officers, agents, employees, attorneys, and all those persons in active concert or participation with them from making false and misleading statements of fact in the advertising and labeling of ProSense products and any other products marketed distributed or sold by Defendant, including, but not limited to the false statements identified above;

3. Award treble damages pursuant to 15 U.S.C. § 1117 and/or S.C. Code Ann. § 39-5-140;

4. Award the Plaintiff its reasonable attorneys' fees and costs;

5. Award the Plaintiff pre-judgment and post-judgment interest in the maximum amount allowed under the law;

6. Adjudge that Defendant has willfully and deliberately engaged in false advertising and unfair practices and find that this is an "exceptional case" under the Lanham Act; and

7. Award such other and further relief as it deems just and reasonable.

## Jury Trial Claim

The Plaintiff, Nutramax, claims a trial by jury on all issues so triable.

*[SIGNATURE ON FOLLOWING PAGE]*

| | |
|---|---|
| Charleston, South Carolina<br>Dated:  March 12, 2015 | /s/ Richard A. Farrier, Jr.<br>Richard A. Farrier, Jr.<br>Federal ID# 772<br>E-Mail:  richard.farrier@klgates.com<br>K&L GATES LLP<br>134 Meeting Street, Suite 200<br>Charleston, SC  29401<br>Telephone: 843.579.5600<br>Facsimile: 843.579.5601<br><br>Morgan T. Nickerson<br>E-Mail:  morgan.nickerson@klgates.com<br>Christopher S. Finnerty<br>chris.finnerty@klgates.com<br>K&L GATES LLP<br>State Street Financial Center<br>One Lincoln Street<br>Boston, MA 02111<br>Telephone:  617.261.3134<br>Facsimile:  617.261.3175<br><br>*To Be Admitted Pro Hac Vice*<br><br>ATTORNEYS FOR PLAINTIFFS<br>NUTRAMAX LABORATORIES, INC.<br>AND NUTRAMAX LABORATORIES<br>VETERINARY SCIENCES, INC. |